UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAURA TORIELLO, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) 2:13-cv-00653-LDG-VCF<br>) |
| | ) **O R D E R** |
| CAROLYN W. COLVIN, ACTING<br>COMMISSIONER OF SOCIAL SECURITY, | )<br>) |
| | ) (Motion to Proceed *In Forma Pauperis* #1 |
| | ) and Complaint #1-1) |
| Defendant. | ) |
| | ) |

Before the court are plaintiff Laura Toriello's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

**I.  *In Forma Pauperis* Application**

Plaintiff Toriello asserts that she has zero take home wages and that her roommate pays for her rent and food. (#1). Plaintiff also states that she has zero in her checking and savings accounts and that she does not have any debts or financial obligations. *Id.* Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A.   Plaintiff's Complaint

Plaintiff's complaint arises from an unfavorable decision by the Commissioner of Social Security Administration (hereinafter "Commissioner"). (#1-1). Plaintiff asserts that she is "disabled as that term is defined in the Social Security Act." *Id.* Plaintiff states that she "filed concurrent applications for disability insurance benefits and supplemental security income alleging disability in accordance with the legal requirements of the Social Security Act," and that the "Commissioner denied the applications initially and upon reconsideration." *Id.* Plaintiff also states that she timely requested and participated in a hearing before an Administrative Law Judge (hereinafter "ALJ"), but that the ALJ issued a decision denying her claim for benefits. *Id.* Plaintiff sought review of the ALJ's decision from the Appeals Council, and the Appeals Council denied plaintiff's request. *Id.* Plaintiff filed the instant complaint seeking judicial review of the Commissioner's decision and requesting this court reverse that decision, or in the alternative, remand this matter for a new hearing. *Id.*

Plaintiff may appeal to this court the Commissioner's denial of her application for disability insurance benefits and for supplemental security income. *See* 42 U.S.C. §§ 405(g) and 1383. This court has jurisdiction over the matter. *Id.* Construing plaintiff's allegations in light most favorable to plaintiff Toriello, the court finds that plaintiff has asserted a claim upon which relief can be granted. *See Russell*, 621 F.2d at 1039.

. . .

### III.     Local Rule IA 10-1(b).

The court notes that attorney Marc Kalagian has appeared on behalf of plaintiff. Mr. Kalagian is a licensed Nevada lawyer, but he does not maintain an office in Nevada. Local Rule IA 10-1(b) provides that a licensed Nevada attorney without offices in Nevada, "shall either associate a licensed Nevada attorney maintaining an office in Nevada or designate a licensed Nevada attorney maintaining an office in Nevada, upon whom all papers, process, or pleadings required to be served upon the attorney may be so served." *Id.* Accordingly, Mr. Kalagian will have until **May 6, 2013,** to comply with Local Rule IA 10-1(b).

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court file the Complaint (#1-1) and serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint (#1-1) by certified mail to: (1) General Counsel, Social Security Administration, Room 611, Altmeyer Bldg., 6401 Security Blvd., Baltimore, Maryland 21235; (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530, and (3) the Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, CA 94105-1545.

IT IS FURTHER ORDERED that the Clerk of Court issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

IT IS FURTHER ORDERED that from this point forward, plaintiff must serve upon defendant, or his attorney if he has retained one, a copy of every pleading, motion, or other document submitted

3

for consideration by the court. Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

IT IS FURTHER ORDERED that plaintiff's counsel Mr. Kalagian will have until **May 6, 2013,** to comply with Local Rule IA 10-1(b).

DATED this 22nd day of April, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

4