# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAURA TORIELLO,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commission of Social Security,

    Defendant.

Case No. 2:13-cv-00653-LDG (VCF)

**ORDER**

    The plaintiff, Laura Toriello, appeals defendant Carolyn W. Colvin's final decision denying Toriello's claim for social security benefits. (Docket #4, Complaint at 2).The issues before the Court are the objections Toriello raised in response to Magistrate Judge Ferenbach's Report and Recommendation ("R&R") denying Toriello's motion for reversal of the final decision, or to remand to the Administrative Law Judge ("ALJ") for further proceedings. (Docket # 21, Objections to R&R at 7). Having considered the pleadings, the arguments of the parties, and the administrative record ("AR"), the Court denies the motion.

## JURISDICTION

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g), which allows for judicial review of the final decision of the Commissioner for error of law or substantial evidence. 42 U.S.C. §§ 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

## STANDARD OF REVIEW

The District Court's standard of review is *de novo* in regards to the portions of Magistrate Judge Ferenbach's report and recommendation to which an objection has been made. 28 U.S.C. § 636(b)(1).

The Court must uphold the decision of an ALJ if the ALJ properly applied the correct legal standards and his findings of fact are supported by substantial evidence in the record. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g). Judicial review of the ALJ's final decision must be based solely on the administrative record. *Id.* The court may affirm, modify, or reverse the final decision of the ALJ. *Id.* Under § 405(g), the ALJ's final decision will be disturbed only if the factual findings underlying the decision are not supported by substantial evidence or if the decision fails to apply the correct legal standards. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). The findings of the ALJ as to any fact shall be conclusive and must be upheld if supported by substantial evidence. 42 U.S.C. § 405(g); *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2011). Substantial evidence is defined as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). Whether substantial evidence supports a finding is determined from the record as a whole, with the court weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. *Id.* When the evidence can rationally be interpreted in more than one way, the court must uphold the SSA's decision. *Id.*

# BACKGROUND

**A. Procedural History**

On February 20, 2010, Laura Toriello filed concurrent applications for disability insurance benefits and supplemental security income alleging disability. (Docket #4, Complaint at 2). Defendant Carolyn W. Colvin ("the Commissioner") denied the claims by initial determination on June 3, 2010. *Id.* The Commissioner subsequently denied Toriello's request for reconsideration on August 11, 2010. *Id.* Pursuant to 20 C.F.R. 405.301, Toriello requested a *de novo* hearing before an ALJ on August 26, 2010. *Id.* The ALJ conducted an oral hearing, and denied Toriello's claim for benefits on April 5, 2012. Id. Toriello requested a review of the decision by the Appeals Council on May 24, 2012. *Id.* The Appeals Council denied the request for review on February 22, 2013. *Id.* Upon denial of review, the ALJ's decision became the final decision of the Commissioner. 42 U.S.C. § 405(h).

Toriello commenced this action against the Commissioner on April 18, 2013, for judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). (Docket #4, Complaint at 1-3). Toriello moved for reversal and remand of the final decision of the Commissioner on August 1, 2013. (Docket #17, Motion at 2).

Magistrate Judge Cam Ferenbach reviewed the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by substantial evidence. (Docket #20, R&R at 2) ; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).

Judge Ferenbach then issued a report and recommendation for denial of the motion on November 13, 2013. (Docket #20 , R&R at 10). Toriello filed a timely objection to Judge Ferenbach's report and recommendation. (Docket #21, Objection to R&R at 1).The Commissioner issued a response to Toriello's objection. (Docket #22 , Response to Objection at 1).

**B. Factual History**

The relevant medical evidence spans a three-year period of medical evaluations. Toriello was evaluated at Southern Nevada Internists on December 22, 2008, for follow-up treatment of her hypertension by Brian Lee, M.D. (AR at 230-36). Toriello then underwent a chiropractic examination on February 26, 2009. *Id.* at 237-38. Toriello returned to Southern Nevada Internists on January 29, 2010, for a follow-up appointment. Then, on April 10, 2010, Toriello attended an internal medicine evaluation by Khossrow Hakimpour, M.D. *Id.* at 245-50. Toriello continued medical evaluation through a State Agency reviewing physician, Elsie Villaflor, M.D. on May 11, 2010. *Id.* at 258-65. Mayenne Karelitz, M.D., another State agency reviewing physician, affirmed Dr. Villaflor's medical assessment. *Id.* at 284. Then on December 2, 2011, Richard Cestkowski, D.O., performed an orthopedic consultative evaluation. *Id.* at 312-327.

In addition to several physical evaluations, Toriello underwent a consultative psychological examination by Thomas Towele, Ph.D., on April 30, 2010. *Id.* at 257. The mental examination concluded with the consensus that no signs or symptoms of clinical significance existed. *Id.*

**DISCUSSION**

Toriello raised two objections to Judge Ferenbach's R&R upholding the ALJ's denial of Toriello's benefits claim. (Docket #21, Objections to R&R at 10). First, Toriello objects to Judge Ferenbach's decision upholding the ALJ's determination of Toriello's residual functional capacity.[1] *Id.* Second, Toriello objects to Judge Ferenbach's decision upholding the ALJ's decision to reject Toriello's testimony. *Id.* The Commissioner argues that Judge Ferenbach's R&R properly identified the substantial evidence needed to support the ALJ's

---

[1] Residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. 28 U.S.C. 405(g).

4

denial of the claim for benefits and to reject Toriello's testimony. (Docket #22, Reply to Objections to R&R at 2-3). For the following reasons, the Court finds that the ALJ's decision is supported by substantial evidence and that the ALJ used the proper rule of law.

**A. The ALJ's Interpretation of the Medical Evidence is Supported by Substantial Evidence**

Toriello's objection to the ALJ's determination of Toriello's residual functional capacity rests on the interpretation of Dr. Cestkowski's medical evaluation and other relevant medical evidence. The Court finds that the ALJ's interpretation of Dr. Cestkowski's report is properly supported by substantial evidence, and that the medical evidence indicates Toriello's residual functional capacity for light work.[2]

Toriello specifically objects to the conclusion that she can tolerate weight bearing on her feet for a total of eight hours in an eight-hour workday. However, Dr. Cestkowski opined that Toriello could carry twenty pounds frequently and ten pounds continuously; sit for one hour, stand for one hour, and walk for one hour at a time without interruption; sit for six hours, stand for four hours, and walk for four hours total in an eight-hour workday; did not require a cane; could frequently use the hands; occasionally use the feet; could climb stairs/ramps, frequently balance, occasionally stoop, kneel, crouch, and crawl; could never climb ropes, ladders, or scaffolds or be exposed to unprotected heights, humidity and wetness, pulmonary irritants, extreme cold or heat, or vibrations. (AR at 318-22). Additionally, Dr. Cestkowski declined to indicate that "the total time for sitting, standing, and walking does not equal or exceed 8 hours". (AR at 319).

The ALJ properly concluded that the combination of these weight-bearing activities indicated Toriello was physically capable of light work through a combination of four hours

---

[2] Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. A job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

5

walking, four hours standing, and six hours sitting in an eight-hour workday. *Id.* at 23. Dr. Cestkowski's decision to not answer the portion of the form that requests additional information when an individual's combined capacity to sit, stand and walk does not equal at minimum eight hours indicates that Dr. Cestkowski felt Toriello was capable of the requirements under 20 C.F.R. 404.1567, and that "a reasonable mind might accept' a claimant's ability to tolerate weight-bearing activities for eight hours. *Consolidated Edison Co.*, 305 U.S. at 197 (defining the scintilla of evidence standard).

The Court also finds that the totality of the medical evidence offered by additional medical examinations provides substantial evidence that Toriello is capable of light work under 20 C.F.R. 404.1567. (AR at 230-327). First, Toriello's evaluation with Dr. Lee reveals that Toriello made no musculoskeletal complaints that would limit her capacity to work. *Id.* at 230-36. In addition, Toriello's chiropractic examination revealed full range of motion throughout her lumbar spine, with cervical spine ranges of motion either full or only slightly reduced. *Id.* at 237-38. Toriello had full motor strength in all muscle groups tested and full reflexes. *Id.* When Toriello returned to Southern Nevada Internists she again made no mention of any musculoskeletal pain. *Id.* at 239-44.

In regards to Toriello's residual functional capacity, Dr. Hakimpour opined that Toriello could lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for six hours in an eight-hour day without a cane or crutch; sit for eight hours in an eight-hour workday; could frequently balance; could occasionally climb, stoop/bend, kneel, crouch/squat and crawl; had no manipulative limitations; and should avoid heights and moving machinery. *Id.* at 248-50. When Dr. Villaflor reviewed Toriello's medical record, she agreed that Toriello could lift or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk about six hours in an eight-hour workday; sit about six hours in an eight-hour workday; perform pushing and pulling motions with the upper and lower extremities; frequently balance; occasionally climb ramps/stairs, stoop, kneel, crouch and

crawl; and never climb ladders, ropes or scaffolds. *Id.* at 259-65. Dr. Karelitz affirmed Dr. Villaflor's medical assessment. *Id.* at 284.

The Court finds that the medical evidence is substantial, and that it supports the ALJ's determination of Toriello's residual functional capacity.

**B. The ALJ's Credibility Finding is Supported by Substantial Evidence**

Toriello also objects to Judge Ferenbach's finding that the ALJ properly discredited her oral testimony. (Docket #21, Objections to R&R at 7). To discredit a claimant's testimony, the ALJ was required to engage in a two-part analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). Under this test, the ALJ must first determine whether Toriello provided objective medical evidence of an underlying impairment that could reasonably be expected to produce the alleged pain. *Id.* at 1036. Once Toriello provided her evidence, the ALJ proceeded to the second step of the analysis. *(*Docket #20, R&R at 7)*.* Here, if there is no evidence of malingering, the ALJ may only reject the claimant's testimony about the severity of the symptoms if the ALJ gives "specific, clear, and convincing reasons". *Id.*

In order to evaluate Toriello's testimony, the ALJ considered "[Toriello's] reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th. Cir 2007); *See also* 20 C.F.R. §§ 404.1529(c); 416.929(c). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc)).

First, the ALJ found that Toriello's oral testimony was inconsistent with daily activities she described to Dr. Towele. (AR at 20). Toriello testified at the administrative hearing of her inability to lift, bend, stand, reach, walk, sit, remember or concentrate; however, the

record of her described activities indicates that Toriello engaged in several daily tasks contrary to her testimony. *Id.* at 238. Specifically, Toriello also testified at the administrative hearing that she dusted, walked her dogs, read, used the computer, watched television and played games. *Id.* at 20. Additionally, Toriello listed in her function report the ability to perform personal care, prepare meals, perform chores, drive a car, shop for 2-3 hours at a time and handle money. *Id.* The inconsistency between Toriello's claims of disability and her daily activities is specific and clear. The court, therefore, must uphold the ALJ's credibility finding because it is rooted in the record and a reasonable mind might accept that the record is contradictory. *Orteza*, 50 F.3d at 750.

Second, the ALJ found that Toriello's testimony was inconsistent with objective medical evidence. (AR at 20). Toriello claimed disability due to neck pain, back pain and foot pain, but the medical records lack medical evidence to support this allegation. *Id.* Specifically, Toriello cites a left-foot injury beginning in July 2008 as the primary source of disability; however, Toriello did not complain of any foot pain or discomfort on consecutive trips to Southern Nevada Internists in the immediate months after the alleged injury. *Id.* at 142; *Id.* at 230-36. Additionally, the mental evaluation performed by Dr. Towele stated that Toriello was capable of "maintaining attention and concentration necessary to understanding, remembering, and carrying out at least simple instructions and of interacting appropriately with others." *Id.* at 257. This is contradictory to Toriello's reason for disability based on her inability to remember or concentrate. *Id.* at 70. Toriello's testimony is at odds with the objective medical evidence which provides a reasonable basis for upholding the ALJ's conclusion.

Third, Toriello's testimony remains inconsistent with the evidence on record. Dr. Cestkowski reported that Toriello has a "normal gait" and is able to bend and kneel without difficulty, where Toriello claimed to have difficulty walking. *Id.* at 314.

The cumulative effect of the inconsistencies between Toriello's reasons for submitting the claim, her testimony and the objective medical evidence satisfies the specific and clear standard and are not generic statements.

## ORDER

For the foregoing reasons, THE COURT ADOPTS the Report and Recommendation of Magistrate Judge Ferenbach (Docket #20), and THE COURT **ORDERS** that Plaintiff's motion for reversal (Docket #17) is DENIED.

DATED this ___ day of June, 2014.

_____
Lloyd D. George
United States District Judge